UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X

DAWN HARRISON,

                               Plaintiff,

        -against-

CITY OF NEW YORK, PATRICK CORIELL, Individually,
KAMALA ROPER, Individually, DIANA LOPEZ, Individually,
ELIZABETH MEDINA, Individually, ZENOBIA COPELAND,
Individually, WILLIAM JONES, Individually, JOSEPH MULE,
Individually, DAVID MANCUSO, Individually, and JOHN and
JANE DOE 1 through 10, Individually, (the names John and Jane
Doe being fictitious, as the true names are presently unknown),

                               Defendants.

-------------------------------------------------------------------------------X

**AMENDED COMPLAINT**

17 CV 3674
(NGG) (JO)

<u>Jury Trial Demanded</u>

      Plaintiff DAWN HARRISON, by her attorneys, Brett H. Klein, Esq., PLLC, complaining of the defendants, respectfully alleges as follows:

### **Preliminary Statement**

      1.     Plaintiff brings this action for compensatory damages, punitive damages and attorneys' fees pursuant to 42 U.S.C. §§1983 and 1988 for violations of her civil rights, as said rights are secured by said statutes and the Constitution of the United States. Plaintiff also asserts supplemental state law claims.

### **JURISDICTION**

      2.     This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

      3.     Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

4. Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6. Plaintiff DAWN HARRISON is a fifty-year-old African American resident of New York County in the State of New York.

7. Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the municipal corporation, CITY OF NEW YORK.

9. That at all times hereinafter mentioned, the individually named defendants, PATRICK CORIELL, KAMALA ROPER, DIANA LOPEZ, ELIZABETH MEDINA, ZENOBIA COPELAND, WILLIAM JONES, JOSEPH MULE, DAVID MANCUSO, and JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New

York and/or the City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

**FACTS**

12. On March 18, 2016, starting at approximately 8:00 a.m., at 1402 8th Avenue, Brooklyn, New York 11215, defendant NYPD officers PATRICK CORIELL, KAMALA ROPER, DIANA LOPEZ, ELIZABETH MEDINA, and ZENOBIA COPELAND were arresting plaintiff on the complaint of another civilian.

13. After plaintiff was handcuffed, plaintiff was unreasonably pushed down onto the cement or other hard surface, by or in the presence of defendants CORIELL, ROPER, LOPEZ, MEDINA, and COPELAND.

14. The push caused plaintiff's knees to make contact with the ground with substantial force, resulting in injuries to both knees.

15. Notwithstanding plaintiff's injuries and proper police procedure that required that the defendant officers obtain immediate medical treatment for her, Ms. Harrison was nonetheless taken in police custody to the NYPD 78th precinct station house, where she was forced to walk in pain into and inside the precinct.

16. After a period of time passed, plaintiff taken via EMS in handcuffs and leg shackles to New York Methodist Hospital for treatment for emergency room treatment for her knees.

17. Plaintiff was discharged back to the 78th precinct in the custody of NYPD Officers WILLIAM JONES, DAVID MANCUSO, and Sergeant JOSEPH MULE, who again

placed plaintiff in handcuffs and leg shackles, despite the painful injuries to plaintiff's lower extremities from the aforementioned assault.

18. The leg shackles were applied in such a manner that they caused plaintiff to experience needless excruciating pain, discomfort, and anguish, on top of the injuries that had been inflicted on her during her arrest.

19. Despite plaintiff's complaints about the placement of the shackles, and that she could barely walk, and instead of accommodating plaintiff's obvious injuries, defendants JONES, MULE, and MANCUSO parked their NYPD vehicle a significant distance from the front of the 78th precinct, and notwithstanding that plaintiff had informed them that she could not walk such a distance due to her injuries and tight shackles, the defendant officers ignored her and forced plaintiff to walk with defendant JONES from the NYPD vehicle to the precinct and up the front steps of the precinct in the aforementioned unreasonable manner.

20. As plaintiff was being escorted by defendant JONES, she struggled to walk up the stairs and continued to complain that she was in pain and having trouble walking.

21. Plaintiff felt pressure on her shoulders, and then fell face forward into the steps, striking her head on the steps.

22. As a result of the defendant JONES' unreasonable conduct, and JONES, MULE, and MANCUSO's deliberate disregard for plaintiff's injuries, health, and safety, plaintiff sustained injuries including, without limitation, lacerations to her forehead and loss of consciousness.

23. Plaintiff was taken back to New York Methodist Hospital, where she received treatment for head trauma and other injuries to her body, including, without limitation, approximately 8 stitches to her forehead. Due to her injuries, plaintiff was admitted to New

York Methodist Hospital from approximately March 18, 2016 through March 21, 2016.

24. Plaintiff was discharged to Central Booking in Brooklyn, where she was arraigned on March 22, 2016 and thereafter released from custody after appearing before a judge.

25. Defendant NYPD officers JONES, MULE, and MANCUSO owed a duty to plaintiff to ensure her safety in their custody.

26. Defendant NYPD officers JONES, MULE, and MANCUSO breached their duty to plaintiff, resulting in plaintiff sustaining the above described physical injuries while in their custody.

27. Defendant Sergeant ROPER supervised defendants CORIELL, LOPEZ, MEDINA, and COPELAND, and Sergeant MULE supervised defendants JONES and MANCUSO, and also directly participated in the violation of plaintiff's civil rights.

28. Defendants CORIELL, ROPER, LOPEZ, MEDINA, COPELAND, JONES, MANCUSO, and MULE, either directly participated in, and/or failed to intervene in, the above described acts of misconduct despite a reasonable opportunity to do so, as did JOHN and JANE DOE 1 through 10.

29. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

30. All of the aforementioned acts deprived plaintiff DAWN HARRISON of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

31. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority

attendant thereto.

32. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

33. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

34. All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training and supervising its employees, and pursuant to customs or practices of using excessive force and acting with deliberate indifference towards injured individuals in their custody.

35. The aforesaid event is not an isolated incident. Defendant CITY OF NEW YORK is aware from investigations by the New York City Department of Investigation Office of the Inspector General, lawsuits, notices of claims, and complaints filed with the NYPD'S Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board that many NYPD officers, including the defendants, are insufficiently trained regarding the use of force and act with deliberate indifference towards injured individuals in their custody.

36. Further, with respect to the custom and practice of using excessive force, and lack of training in that regard, the New York City Department of Investigation Office of the Inspector General for the NYPD issued a report on October 1, 2015, available on the City of New York's website at http://www.nyc.gov/html/oignypd/assets/downloads/pdf/oig_nypd_use_of_force_

report_-_oct_1_2015.pdf. Said report acknowledged that between the years of 2010 and 2014 the Civilian Complaint Review Board substantiated 179 force cases. The report further affirmed the lack of proper training, policies, practices, and discipline of NYPD officers with respect to use of force, finding that the "NYPD's current use-of-force policy is vague and imprecise, providing little guidance to individual officers on what actions constitute force." The report further found that the NYPD frequently failed to impose discipline when provided with evidence of excessive force.

37. Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action. This failure caused the officers in the present case to violate the plaintiff's civil rights.

38. Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

39. As a result of the foregoing, plaintiff DAWN HARRISON sustained, *inter alia*, physical injuries, emotional distress, and deprivation of her constitutional rights.

**Federal Claims**

**AS AND FOR A FIRST CAUSE OF ACTION**
(Excessive Force under 42 U.S.C. § 1983 against Individual Defendants)

40. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "39" with the same force and effect as if fully set forth herein.

7

41. The level of force employed by defendants was excessive, objectively unreasonable and otherwise in violation of plaintiff DAWN HARRISON'S constitutional rights.

42. As a result of the aforementioned conduct of defendants, plaintiff DAWN HARRISON was subjected to excessive force and sustained serious physical injuries and emotional distress.

43. As a result of the foregoing, plaintiff DAWN HARRISON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A SECOND CAUSE OF ACTION**
(Deliberate Indifference to Health and Safety under 42 U.S.C. § 1983 against Individual Defendants)

44. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "43" with the same force and effect as if fully set forth herein.

45. Defendants knew of and disregarded the excessive risk of harm to plaintiff's health and safety.

46. As a result of the aforementioned conduct of defendants, plaintiff DAWN HARRISON was severely injured.

47. As a result of the foregoing, plaintiff DAWN HARRISON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A THIRD CAUSE OF ACTION
(<u>Failure to Intervene under 42 U.S.C. § 1983 against Individual Defendants</u>)

48. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "47" with the same force and effect as if fully set forth herein.

49. Defendants had an affirmative duty to intervene on behalf of plaintiff DAWN HARRISON, whose constitutional rights were being violated in their presence by other officers.

50. The defendants failed to intervene to prevent the unlawful conduct described herein.

51. As a result of the foregoing, plaintiff DAWN HARRISON's liberty was subjected to excessive force and excessive risk of harm to plaintiff's health and safety was disregarded.

52. As a result of the foregoing, plaintiff DAWN HARRISON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION
(<u>Supervisory Liability under 42 U.S.C. § 1983 against Individual Supervisor Defendants</u>)

53. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "52" with the same force and effect as if fully set forth herein.

54. Defendants ROPER and MULE, who both held the supervisory rank of Sergeant, personally caused plaintiff's constitutional injury by being directly participating in violation plaintiff's rights and deliberately or consciously indifferent to the rights of plaintiff in failing to properly supervise and train their subordinate employees.

55. As a result of the foregoing, plaintiff DAWN HARRISON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive

damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FIFTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983 against Defendant City of New York)

56. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "55" with the same force and effect as if fully set forth herein.

57. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

58. The City of New York engaged in a policy, custom or practice of using excessive force, of deliberate indifference to injured individuals in their custody, and inadequate screening, hiring, retaining, training and supervising its employees regarding the use of force that was the moving force behind the violation of plaintiff DAWN HARRISON'S rights as described herein. As a result of the failure of the City of New York to properly train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

59. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff DAWN HARRISON.

60. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff DAWN HARRISON as alleged herein.

61. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff DAWN HARRISON as alleged herein.

62. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff DAWN HARRISON was subjected to physical abuse.

63. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff DAWN HARRISON'S constitutional rights.

64. All of the foregoing acts by defendants deprived plaintiff DAWN HARRISON of federally protected rights, including, but not limited to, the right:

    A. To be free from excessive force; and

    B. To be free from deliberate indifference to her health and safety.

65. As a result of the foregoing, plaintiff DAWN HARRISON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

### Supplemental State Law Claims

66. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "65" with the same force and effect as if fully set forth herein.

67. Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

68. The CITY OF NEW YORK has wholly neglected or refused to make an

adjustment or payment thereof and more then thirty (30) days have elapsed since the presentation of such claim as aforesaid.

69. This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

70. Plaintiff has complied with all conditions precedent to maintaining the instant action.

71. This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

**AS AND FOR A SIXTH CAUSE OF ACTION**
(<u>Assault under the laws of the State of New York against Defendants</u>)

72. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "71" with the same force and effect as if fully set forth herein.

73. As a result of the foregoing, plaintiff DAWN HARRISON was placed in apprehension of imminent harmful and offensive bodily contact.

74. As a result of defendant's conduct, plaintiff DAWN HARRISON has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

75. The individually named defendants assaulted plaintiff. Defendant City, as employer of the each of the individually named defendant officers, is responsible for said officers' wrongdoing under the doctrine of *respondeat superior*.

76. As a result of the foregoing, plaintiff DAWN HARRISON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable

attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SEVENTH CAUSE OF ACTION
(<u>Battery under the laws of the State of New York against Defendants</u>)

77. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "76" with the same force and effect as if fully set forth herein.

78. Defendants made offensive contact with plaintiff DAWN HARRISON without privilege or consent.

79. As a result of defendants' conduct, plaintiff DAWN HARRISON suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

80. Defendant City, as employer of the individual defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

81. As a result of the foregoing, plaintiff DAWN HARRISON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
(<u>Negligent Screening, Hiring, and Retention under the laws of the State of New York against Defendant City of New York</u>)

82. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraph numbered "1" through "81" with the same force and effect as if fully set forth herein.

83. Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who assaulted and battered plaintiff DAWN HARRISON.

84. Defendant CITY OF NEW YORK knew, or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

85. As a result of the foregoing, plaintiff DAWN HARRISON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A NINTH CAUSE OF ACTION**
(Negligent Training and Supervision under the laws of the State of New York against Defendant City of New York)

86. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "85" with the same force and effect as if fully set forth herein.

87. Upon information and belief the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who assaulted and battered plaintiff.

88. As a result of the foregoing, plaintiff DAWN HARRISON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A TENTH CAUSE OF ACTION**
(Negligence under the laws of the State of New York against Defendants)

89. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "88" with the same force and effect as if fully set forth herein.

90. Plaintiff's injuries herein were caused by the carelessness, recklessness and

negligence of defendant CITY OF NEW YORK and its employee defendants who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

91. Defendant City, as employer of defendants is responsible for their negligent acts under the doctrine of *respondeat superior*.

92. As a result of the foregoing, plaintiff DAWN HARRISON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff DAWN HARRISON demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount to be determined by a jury;

(B) punitive damages against the individual defendants in an amount to be determined by a jury;

(C) reasonable attorneys' fees and the costs and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated: New York, New York
February 16, 2018

        BRETT H. KLEIN, ESQ., PLLC
        Attorneys for Plaintiff DAWN HARRISON
        305 Broadway, Suite 600
        New York, New York 10007
        (212) 335-0132

        By:    _s/ Brett Klein_____
               BRETT H. KLEIN (BK4744)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X

DAWN HARRISON,

            Plaintiff,

  -against-

CITY OF NEW YORK, PATRICK CORIELL, Individually,
KAMALA ROPER, Individually, DIANA LOPEZ, Individually,
ELIZABETH MEDINA, Individually, ZENOBIA COPELAND,
Individually, WILLIAM JONES, Individually, JOSEPH MULE,
Individually, DAVID MANCUSO, Individually, and JOHN and
JANE DOE 1 through 10, Individually, (the names John and Jane
Doe being fictitious, as the true names are presently unknown),

            Defendants.

-------------------------------------------------------------------------------X

17 CV 3674
(NGG) (JO)

**AMENDED COMPLAINT**

**BRETT H. KLEIN, ESQ., PLLC**
Attorneys for the Plaintiff
305 Broadway, Suite 600
New York, New York 10007
(212) 335-0132